IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH VERDUCCI, | ) | Civ. No. 08-00756 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VALLEJO CITY POLICE DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915

On April 8, 2008, pro se Plaintiff Joseph Verducci, a prisoner incarcerated at Solano County Justice Center Detention Facility, located in Fairfield, California, filed a prisoner civil rights complaint and an in forma pauperis application.  (Docs. # 1 & 2.)  The Court granted the in forma pauperis application on January 8, 2009.  (Doc. # 10.)  Verducci alleges that Defendant Vallejo City Police Department violated his rights under the U.S. Constitution when he was allegedly falsely arrested and assaulted during that arrest.  Verducci brings these claims pursuant to 42 U.S.C. § 1983.  Because there are several deficiencies with the complaint, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), with leave granted to amend.

## STANDARD OF REVIEW

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

In its entirety, Verducci's complaint states "On 1-6-07 at 4:00 am I was assaulted and falsely arrested by the Vallejo Police."  (Compl. at 4.)  Verducci seeks ten million dollars in damages for the alleged assault, one million dollars for the alleged false arrest, and 650 thousand dollars for his mental stress.

I.      Dismissal Under Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)).  Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the

4

Case 2:08-cv-00756-DAE   Document 12   Filed 07/21/09   Page 5 of 15

ground upon which it rests.'" <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting <u>Datagate, Inc. v. Hewlett-Packard Co.</u>, 941 F.2d 864, 870 (9th Cir. 1991)).

Verducci's complaint alleges no facts in support of his claim other than the time and date he was arrested. To state a claim, a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. As stated, the complaint does not even give rise to acceptable speculation as to what actually happened, or that a violation of constitutional rights occurred. As submitted, it is also impossible for any defendant to be served, or if identified, for any defendant to answer or to defend against the complaint. The complaint must therefore be DISMISSED pursuant to Fed. R. Civ. P. 8(a)(2).

II.   <u>Failure to Name A Proper Defendant</u>

As noted, to state a claim under § 1983, a plaintiff must sue a "person" who, acting under color of state law, violated the plaintiff's constitutional rights. A "person," for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights. In addition, a supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of

5

the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous or unnamed defendant. That is, a plaintiff must sue the "persons" responsible, not a county or city jail, a police department, "staff," or fictitiously-named defendants.[1]

In addition to individual officers, a municipality is also a "person" for purposes of § 1983, i.e., a municipality such as a city or county may be sued. See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support a violation of his constitutional rights pursuant to a policy or custom of the

---

[1] When the defendants' identities are unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Although Verducci mentions unknown defendants in the body of the complaint, he names only the Vallejo City Police Department.

municipality.  Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)).  A plaintiff cannot therefore state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Verducci must allege that the violation of his rights was pursuant to a custom or policy of the department, or allege facts from which such a custom or policy can be inferred to hold the Vallejo City Police Department liable under § 1983.  See Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610-11 (9th Cir. 1986).  He has not done so, therefore, the Vallejo City Police Department is DISMISSED.

III.    Heck v. Humphrey Bars Verducci's Claim for False Arrest

A claim for false arrest and imprisonment can be the basis for compensatory relief under 42 U.S.C. § 1983 as a Fourth Amendment violation, when the arrest is alleged to have been made without probable cause or justification.  Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).  To state a claim under § 1983 for false arrest, however, a plaintiff must

allege facts to support a lack of probable cause for his arrest. See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir.1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991).

Verducci alleges almost no facts in support of his claim, other than the time and date it allegedly occurred. Even if Verducci had alleged sufficient facts to state a claim, this claim is barred under Heck v. Humphrey, 512 U.S. 477, 489 (1994). A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence, may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction. Id. A prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 does not accrue until the prisoner has obtained a "favorable termination" of the underlying

conviction. See Heck, 512 U.S. at 489; Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Heck, 512 U.S. at 486-87. In short, Verducci must obtain a favorable termination of his underlying conviction and/or sentence before he may seek civil relief for false arrest or imprisonment. If Verducci cannot show that he has already done so, this claim must be dismissed for failure to state a claim, but without prejudice to allow refiling after Verducci has obtained a favorable termination of the conviction resulting from this allegedly false arrest.[2] See Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997) (dismissal pursuant to Heck constitutes failure to state a claim under Fed. R. Civ. P. 12(b)(6)).

---

[2] Verducci is admittedly incarcerated. It is therefore likely that a probable cause hearing was held after his allegedly false arrest and probable cause was deemed sufficient, as he was apparently convicted. The Court does not reach this conclusion, because Verducci fails to allege any facts in support of this claim, and this alone is insufficient to state a claim for false arrest under Federal Rule of Civil Procedure 8.

IV.     Excessive Force Claim

The Court also dismisses Verducci's excessive force claim.  Verducci claims that his alleged false arrest and assault constituted cruel and unusual punishment, suggesting that he is attempting to allege a violation of the Eighth Amendment.  The Supreme Court recognizes that the protections of the Fourth Amendment apply to excessive force claims "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen."  Graham v. Connor, 490 U.S. 396, 395 (1989).  In contrast, the Eighth Amendment's prohibition on cruel and unusual punishment "was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."  Whitley v. Albers, 475 U.S. 312, 318 (1986) (internal quotation marks and citation omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 664, 671 n.40 (1977)).  This distinction is important because, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny [.]"  Whitley, 475 U.S. at 319; see also Ingraham, 430 U.S. at 670.  Rather, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  Because Verducci states that the alleged assault occurred while he

was being arrested, the Court construes the complaint to allege the use of excessive force in violation of the Fourth Amendment.

The Fourth Amendment guarantees the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. In Graham v. Connor, 490 U.S. 386, 395 (1989), the Supreme Court held that claims alleging that law enforcement officials used excessive force during an arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment's "objective reasonableness" standard. Billington v. Smith, 292 F.3d 1177, 1184 (9th Cir. 2002); Robinson v. Solano County, 278 F.3d 1007, 1009 (9th Cir. 2002). Under the Fourth Amendment, officers may only use such force as is "objectively reasonable" under the circumstances. Graham, 490 U.S. at 397. To determine whether the force used was reasonable, courts balance "the nature and quality of the intrusion on the individuals Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (citations omitted); Billington, 292 F.3d at 1184.

Verducci has failed to plead sufficient factual allegations to demonstrate that defendants' conduct was objectively unreasonable. Verducci's failure to specifically articulate the circumstances of his arrest is notable in light of the Supreme Court's determination that the "reasonableness" inquiry in an

excessive force case is an "objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." Graham, 490 U.S. at 397 (citing Scott v. United States, 436 U.S. 128, 137-39 (1978)). Without allegations regarding those "facts and circumstances," this Court has no basis on which to conduct an "objective reasonableness" inquiry. Verducci's excessive force claim is DISMISSED.

V.      Leave to Amend is Granted

For the foregoing reasons, the complaint is DISMISSED for failing to allege enough facts to sufficiently state a cause of action. It is not certain, however, that the complaint cannot be cured by amendment. This dismissal is therefore with leave granted to amend.

If Verducci chooses to amend the complaint, he must cure the deficiencies noted above and specifically demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must also allege in specific terms how specifically named defendants are involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Vague and conclusory allegations of official

participation in civil rights violations are not sufficient to state a claim.  See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Verducci is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 15-220 requires an amended complaint be complete in itself without reference to any prior pleading.  Furthermore, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Verducci files an amended complaint, similar to an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   28 U.S.C. § 1915(g)

Verducci is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If Verducci is unable to amend the complaint to cure the deficiencies enumerated in this order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

CONCLUSION

IT IS HEREBY ORDERED that:

(1) Verducci's complaint is DISMISSED for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically: (1) the complaint fails to comply with Fed. R. Civ. P. 8 and fails to name a proper defendant; (2) the claim for false arrest is barred by Heck; and (3) the claim for excessive force is vague and conclusory and fails to allege sufficient facts to state a claim.

(2) Verducci is GRANTED thirty (30) days leave, as calculated from the date this Order is filed, in which to file an amended complaint that cures the deficiencies noted above.  The amended complaint must be complete in itself without reference to the superseded pleading.  See Local Rules of the Eastern District of California, LR 15-220.  Defendants not named and any claims not re-alleged in the amended complaint will be deemed to have been waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).

(3) If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry, 84 F.3d at 1177-79.

(4) If Verducci fails to file an amended complaint within the time granted, this complaint and action SHALL BE AUTOMATICALLY DISMISSED and shall be counted as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2009.

_____
David Alan Ezra
United States District Judge

Verducci v. Vallejo City Police Dep't, CV No. 08-00756 DAE; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915